**UNITED STATES of America**

v.

**Bartolo SILVA–RIOS.**

**No. EP–82–CR–67.**

United States District Court,
W.D. Texas,
El Paso Division.

June 28, 1982.

James E. Bock, Asst. U.S. Atty., El Paso, Tex., for plaintiff.

Richard P. Mesa, El Paso, Tex., for defendant.

## ORDER DENYING MOTION TO SUPPRESS EVIDENCE

HUDSPETH, District Judge.

On May 1, 1982, Defendant's van was stopped at a temporary Border Patrol checkpoint on New Mexico Highway 26 between Hatch and Deming, New Mexico. Contending that the stop was not legally justified, the Defendant moves to suppress all the fruits thereof.

Highway 26 is a New Mexico state highway running roughly northeast-southwest. It forms a rough triangle with I–25, a major north-south interstate highway, and I–10, a major east-west artery. New Mexico Highway 26 intersects I–10 at Deming, New Mexico, and I–25 near Hatch, New Mexico. When the permanent Border Patrol checkpoints near Truth or Consequences on I–25 and west of Las Cruces on I–10 are in operation, Highway 26 is a commonly used avenue for transporters of illegal aliens, since it allows circumvention of both these checkpoints.

On April 28, 1982, Border Patrol Agents from Deming set up a temporary checkpoint on Highway 26 some seven miles from Hatch, and roughly 50 miles from the international boundary with Mexico. The checkpoint was operated 24 hours a day for seven days. All east bound vehicles were stopped for inspection. The equipment consisted of a $14' \times 6'$ van parked by the roadside; three signs advising traffic to slow for inspection on the approach to the checkpoint; a stop sign located opposite the van; a portable generator, and water facilities. There is no permanent building or hookup for electricity at this location.

On May 1, 1982, at about 1:00 a.m., after the checkpoint had been in continuous operation for 72 hours, Defendant arrived at the checkpoint driving a green Dodge van. Border Patrol agents could see only the driver and a female passenger. There were no side windows through which the interior could be seen. The Defendant identified himself as a United States citizen. When the passenger was asked her citizenship, Defendant intervened and said she was a United States citizen from Tucson. When the Border Patrol officer questioned the woman directly as to her citizenship, she said only "Tucson," and mispronounced the name in the process. Their suspicions aroused, the officers opened the back of the van and found five more occupants. They later turned out to be Guatemalan nationals illegally in the United States. Defendant was arrested and charged with transporting them.

In his motion to suppress, the Defendant contends that the checkpoint on Highway 26 was not a permanent, established checkpoint, and that the Border Patrol officers manning it were, in effect, a "roving patrol," requiring them to have reasonable suspicion based upon specific articulable facts concerning Defendant's particular vehicle before they could stop it. *United States v. Brignoni-Ponce,* 422 U.S. 873, 884, 95 S.Ct. 2574, 2581, 45 L.Ed.2d 607 (1975).

In *United States v. Martinez-Fuerte,* 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976), the Supreme Court categorized the Border Patrol's traffic checking operations in these words:

> "The Border Patrol conducts three kinds of inland traffic checking operations in an effort to minimize illegal immigration. Permanent checkpoints ... are maintained at or near intersections of important roads leading away from the border.... Temporary checkpoints which operate like permanent ones, occasionally are established in other strategic locations. Finally, roving patrols are maintained to supplement the checkpoint system." 428 U.S. at 553, 96 S.Ct. at 3080.

Although the existence of "temporary checkpoints" was thus recognized by the Supreme Court, the decided cases have dealt either with permanent checkpoints, *United States v. Martinez-Fuerte, supra,* or roving patrols, *United States v. Cortez,* 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *United States v. Brignoni-Ponce, supra,* leaving the status of temporary checkpoints somewhat up in the air. In 1979, however, writing in a different context, the Supreme Court recognized the power of state authorities to conduct "roadblock-type stops" on roads or city streets to check driver's licenses and vehicle registration. *Delaware v. Prouse,* 440 U.S. 648, 664, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979). That decision governs the instant case.

Given the authority invested in the Immigration Service by law and regulation to inspect vehicles for illegal aliens,[1] the right of the Border Patrol to check systematically *all* vehicle traffic on a given road within 100 miles of the border is fully authorized.

The evidence in this case shows that the checkpoint on Highway 26 was operated 24 hours a day for seven days. All vehicles headed toward Deming were stopped for inspection. Since the road was lightly traveled, with no more than ten or fifteen vehicles an hour passing the checkpoint, its existence was not a great burden or intrusion upon the motoring public. Each vehicle was stopped only momentarily, unless inquiries as to the citizenship of a vehicle's occupants gave rise to probable cause for further investigation.[2] The record shows that proper procedures were followed in this case, and the motion to suppress should be denied.

It is therefore ORDERED that the Defendant's Motion to Suppress Evidence be, and it is hereby, DENIED.

---

1. See *United States v. Martinez-Fuerte, supra* 428 U.S. at 553 n. 8, 96 S.Ct. at 3080 n. 8; 8 U.S.C. § 1357(a)(3); 8 C.F.R. 287.1.

2. Within the seven days the checkpoint operated, some 250 illegal aliens were apprehended by the officers manning it.